## Motorists Insurance Co. v. Kramer

*Daniel K. Deardorff,* for petitioner.
*Archie V. Diveglia,* for respondent.

HOFFER, *J.,* October 11, 1985—On December 24, 1983, Helen B. Kramer (Kramer) was injured in an automobile accident. Motorists Insurance Companies (Motorists) insures Kramer and has paid her benefits in excess of $10,000 in compensation for injuries sustained in the accident. On August 10, 1984, Motorists filed a petition requesting that Kramer submit to a physical examination by a doctor of its choice. Kramer subsequently provided Motorists with a copy of Dr. Douglas Sanderson's report from Kramer's most recent physical examination. The doctor's report stated, inter alia, that the doctor was "not at this time prepared to prognosticate a level of permanent disability." Motorists has received no further information concerning the status of Kramer's disabilities.

Motorists now comes to this court requesting that we grant its amended petition for a physical examination. For the reasons contained in the opinion that follows, we grant Motorists' petition.

## DISCUSSION

The sole issue raised in this case is whether Motorists' petition is supported by "good cause" as required by §401 of the No-fault Motor Vehicle Insurance Act of July 19, 1974, 40 P.S. §1009:401. It is well settled that in order to establish good cause it is necessary that the existing facts be inadequate and the proposed exam will assist the insurer in evaluating the claim. Nationwide Mutual Insurance Company v. Fandray, 12 D.&C.3d 65, 70 (1979).

In this case, Motorists has waited more than 18 months for information concerning the level of

Kramer's permanent partial disability. In addition, Motorists has been without any medical information of any kind concerning the accident since the September 17, 1984, report. In the period following the accident, Motorists has never had the opportunity to have Kramer examined by a physician of its own choice. Moreover, requiring Kramer to submit to a physical examination by the physician chosen by Motorists will not work an undue hardship upon her because the proposed physician is only 30 minutes from Kramer's home.

We conclude, therefore, that these facts, when considered in combination, are sufficient to provide Motorists with the good cause necessary to receive the court-ordered medical examination it requests.

## ORDER OF COURT

And now, October 11, 1985, petitioner's motion in the form of a petition for physical examination is granted. Petitioner may schedule an independent medical examination of respondent by Dr. John J. Danyo of York, Pa., at a time reasonably convenient to respondent. Respondent is hereby ordered to attend the examination.